UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1455** |
| **WARDEN A. LEWIS, ET AL** | **SECTION: "K"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. On May 19, 2005, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for the defendants participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 8. The plaintiff was sworn prior to testifying. A cassette tape recording of the hearing is being placed in the custody of the Court Recording Unit along with a copy of this Report and Recommendation.

**I.      Factual Summary**

    **A.      The Complaint**

The plaintiff, Keith Johnson ("Johnson"), is a pretrial detainee incarcerated in the House of Detention ("HOD") within the Orleans Parish Prison system. He filed this *pro se* and *in forma pauperis* complaint pursuant to Tile 42 U.S.C. § 1983 against Warden A. Lewis, Captain B. Hill Pitman, and Lieutenant Rhodes. Johnson alleges that HOD is overcrowded and under-supplied with necessary items.

Johnson alleges that the prison officials place ten detainees in an 18 by 12 foot cell. He complains that there are too few televisions for the number of inmates. Johnson also complains that his tier runs out of toilet paper or soap two or three times a week. He further complains that he has to take hot showers in the summer and cold showers in the winter. He also claims that inmates have to bathe in the sinks and do laundry in the toilets. He also alleges that he asked the deputies to allow detainees to smoke in the hallway closer to the window.

Finally, Johnson complains that these conditions have caused him mental hardship, frustration, and stress. He generally complains that this violates his due process rights. He seeks a safer, cleaner living environment with sufficient supplies.

    **B.      The *Spears* Hearing**

Johnson testified that he is in jail on the charge of unlawful entry into a person's home because he ran through someone's house. He filed suit against the defendants because he felt that he was being mistreated by the system. He complains that because HOD is Warden Lewis's facility the Warden should be held responsible for the conditions. He testified that he spoke with Lieutenant Rose about his complaints and he sent his grievance directly to the Warden. He also stated that he

received a response from Lieutenant Rose. However, he testified that, when he complained about not having a razor available, he only received one when it was close to visiting time. He also claimed that his showers remain cold.

Johnson further testified that he filed suit against Captain Pitman because she is in charge of supplies for the prison. He also complains that they had ten men on the tier and only one roll of toilet paper. He stated that, on occasion, he had to use the toilet and did not have any toilet paper or would have to request toilet paper from the guard on duty.

He testified further that the number of televisions on the tier is insufficient for the number of inmates. He stated that the tier had two televisions and could use three. He also complains that the deficiencies at HOD are cruel and unusual.

In addition, he testified that he has been on lock-down for 15 1/2 months since he was assigned to HOD. He concedes that none of the defendants who have been sued wrongly placed him in lock-down.

## II.    Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Conditions of Confinement**

Challenges to the constitutionality of conditions of pre-trial confinement are evaluated under the Fourteenth Amendment Due Process Clause. *Bell v. Wolfish,* 441 U.S. 520 (1979). Under the Due Process Clause "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Hubbard v. Taylor,* 399 F.3d 150, 158 (3rd Cir. 2005) (citing *Bell*, 441 U.S. at 535). To decide whether a pretrial detainee's constitutional rights have been violated, the court must determine whether the "disability is imposed for punishment or . . . [for] some other legitimate governmental purpose." *Bell,* 441 U.S. at 539. If a particular condition or restriction of pre-trial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. *Id.*

Moreover, "[a]bsent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive

in relation to the alternative purpose assigned [to it]." *Id.* at 538 (citation omitted).  A prison official may be found to have had a sufficiently culpable state of mind if he participated directly in the alleged event,  or learned of the inmate's complaint and failed to remedy it, or created or permitted a policy that harmed the inmate, or acted with gross negligence in managing subordinates. *See, e.g., Williams v. Smith,* 781 F.2d 319, 323 (2nd Cir. 1986).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983.  However, a supervisory official, like Warden Lewis, can not be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981).

    **A.**    <u>**Conditions Claims against Warden Lewis**</u>

Having reviewed the plaintiff's claims, the Court finds that the claims against Warden Lewis in his supervisory role at the prison should be dismissed as frivolous.  Johnson conceded that he has no information which would suggest that Warden Lewis knew of the numerous conditions or problems of which he complains, or imposed those conditions, or failed to act on those complaints.  Johnson also recognizes that the Warden's assistant signed the grievance form he submitted about these conditions.  Furthermore, Johnson does not allege that there was a policy issued by Warden Lewis which resulted in the allegedly poor conditions of his confinement at HOD.

For these reasons, Johnson has failed to allege a claim against Warden Lewis for which relief can be granted and his claims against the Warden are otherwise legally frivolous.

### B.     Conditions Claims Against Captain Pitman

To prove that the conditions of his confinement violated the Fourteenth Amendment, an inmate must show, that, from an objective standpoint, the prison official's act or omission denied him the minimal measure of necessities required for civilized living. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An episodic act or omission of a state jail official does not violate a pretrial detainee's constitutional right to be secure in his or her basic human needs, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs. *Hare v. City of Corinth, Miss.*, 74 F.3d 633 (5th Cir. 1996).

Johnson alleges that Captain Pitman was in charge of the supplies, including toilet paper, on the tier. He does not allege, however, that he was denied toilet paper. Instead, he complains that because the supply was insufficient for the number of men on the tier, they should have stocked it with more rolls of toilet paper.

He also indicated during the *Spears* Hearing that if they ran out of paper, he was instructed to notify the guard on duty to receive more. Johnson does not allege that on the occasion when he had to request additional toilet paper that the guard on duty failed to provide it to him. In other words, he has not alleged that he has been denied supplies, only that the supplies are limited with no extra left on his tier.

Nor does he allege that Captain Pitman's failure to provide the extra supply of toilet paper and soap was the result of her deliberate indifference to his basic human needs. Therefore the claim against Pitman should be denied as it is frivolous.

## IV.   **Denial of Grievance**

Johnson next complains that Lieutenant Rhodes's response to his grievance was ineffective. He complains that he informed the prison officials through a grievance complaint about his problems with inadequate number of televisions, the insufficient supply of toilet paper, and his request to have inmates who smoke do so near the window. He indicates that Lieutenant Rhodes responded to the grievance. However, the officials did not make any changes. Johnson, therefore, complains that Lieutenant Rhodes response to his grievance was ineffective.

Inmates generally have no constitutional right under the First or Fourteenth Amendments either to an administrate remedy procedure ("ARP") or to an effective ARP. *See Wilcox v. Johnson*, 85 F.3d 630, 1996 WL 253868 at *1 (6th Cir. May 13, 1996) (Table, Text in Westlaw); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Buckley v. Barrow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Flowers v. Tate*, 925 F.2d 1463, 1991 WL 22009 at *1 (6th Cir. Feb. 22, 1991) (Table, Text in Westlaw).[3] In other words, there is no constitutional guarantee that the inmate will be satisfied with the responses given to his grievance complaints by the prison officials. *Id.* When an inmate's claims underlying the ARP involve a constitutional right, the inmate's right to seek redress through the federal courts generally is not compromised by the prison's refusal to entertain the grievance. *Buckley*, 997 F.2d at 495; *Flick*, 932 F.2d at 729.[4]

In this case, Johnson admits that he received responses to his complaints, however, he disagrees with the resolutions. The failure of the prison officials to provide an adequate response

---

[3] *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (right to access to courts may extend to ARP when prisoner is required to exhaust ARP before seeking relief in federal court); *Hancock v. Thalacker*, 933 F. Supp. 1449, 1488-89 (N.D. Iowa 1996). Denial of access to this Court is not an issue in this case.

[4] Title 42 U.S.C. § 1997e also provides for exceptions to the requirement that the administrative grievance procedures by exhausted.

did not affect Johnson's access to the courts and therefore does not violate the Constitution. *Id.* Johnson has exercised the opportunity to file this federal action to challenge the conditions at OPP which he believes to be unconstitutional.

His ability to file a claim in federal court overcomes the shortcomings alleged in the prison's grievance system. He therefore has failed to state a claim against Lieutenant Rhodes arising out of the grievance process and his claim is frivolous.

## V.      Recommendation

It is therefore **RECOMMENDED** that Keith Johnson's claims brought pursuant to Title 42 U.S.C. § 1983 against the defendants, Warden A. Lewis, Captain B. Hill Pitman, and Lieutenant Rhodes, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e)(2) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___31st___ day of March 2006.

                                        **KAREN WELLS ROBY**
                                  **UNITED STATES MAGISTRATE JUDGE**